NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WAHLING HUI<br><br>  Debtor.<br>_____<br><br>WAHLING HUI.<br><br>  Appellant.<br><br> v.<br><br>SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>  Appellee. | No. 24-707<br><br>D.C. No.<br>1:23-bk-1130<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Julia W. Brand, Jennifer E. Niemann, and Robert J. Faris, Bankruptcy Judges,
Presiding

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

_____

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Wahling Hui appeals from a decision by the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming a bankruptcy court order which sustained in part and overruled in part the Chapter 7 trustee's objections to certain exemptions Hui claimed under Nevada law. We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error, *In re Cloobeck*, 788 F.3d 1243, 1245 (9th Cir. 2015), and we affirm.

Filing a bankruptcy petition creates an estate consisting of all "legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor may exempt certain property from the estate, but a party in interest may also file an objection to the claimed exemption and submit evidence that the exemption was not properly claimed. 11 U.S.C. § 522(b), (l); *Carter v. Anderson (In re Carter),* 182 F.3d 1027, 1029 n.3 (9th Cir. 1999).

Hui's primary argument concerns her claimed homestead exemption under N.R.S. § 21.090(1)(m) in a property known as Minots Ledge. This property was the subject of a lawsuit in which Hui did not prevail, with judgment being entered against Hui on October 14, 2021; pursuant to the judgment, a quitclaim deed transferring the property to Hui's daughter Jamie Lee was recorded on December 10, 2021. Hui filed her bankruptcy petition on December 15, 2021. Thus, at the time of her petition, Hui had no interest in the property, it never became part of the estate, and the bankruptcy court properly sustained the objection to her claimed

exemption. To the extent Hui complains about the merits of the underlying state court judgment, that issue is not properly before us.

Although Hui purports to contest the bankruptcy court's determination that $3,000 of Hui's jewelry was not exempt and $3,700 in cash and deposits of money were not exempt, she makes no argument explaining why the bankruptcy court erred in these determinations. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923 (9th Cir. 1988) (failure to present an intelligible argument on claim results in waiver). Hui concedes she has made no argument with respect to the bankruptcy court's denial of the exemption for the two watches and the Sonic pain relief health aid. We agree with the BAP and "see no error in the [bankruptcy] court's well-reasoned decision with respect" to these exemptions. *In re Hui*, 2024 WL 374666, *5 (9th Cir. BAP 2024).

**AFFIRMED.**